**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ILUSTRATA SERVICOS DESIGN, LTDA.,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-11394

Judge Matthew F. Kennelly

Magistrate Judge Beth W. Jantz

## DECLARATION OF DAVID F. SILVA

I, David F. Silva, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the Director and one of the artists at Ilustrata Servicos Design, Ltda. ("Ilustrata" or "Plaintiff") that creates the Ilustrata Works. I make this declaration from matters within my knowledge save where otherwise stated.

3. Ilustrata is an illustration studio founded in 2013. The Ilustrata team is made up of three illustrators, Bruno Rodrigues, Victor Kahn, and me. Our work is used in a wide range of areas, where we make illustrations for products, t-shirts, prints, packages, character design, ads and more. Our work is mostly recognized by our retro and detailed style, mixing drawing types and graphical elements to create exciting illustrations.

4. Ilustrata is the official source of products associated with the Ilustrata Works (the "Ilustrata Products"):




https://www.redbubble.com/people/ilustrata/shop

5. Ilustrata is the owner of the copyright registrations for the Ilustrata copyrighted works, which are protected by United States Copyright Registration Nos. VA 2-373-563; VA 2-270-596; VA 2-270-798; VA 2-373-565; VA 2-270-763; VA 2-270-796; and VA 2-270-802 (the "Ilustrata Works"). True and correct copies of the copyright registrations for the Ilustrata Works are attached as **Exhibit 1**.

6. Ilustrata controls the quality of all materials and content that feature the distinctive Ilustrata Works.

7. Substantial time, money, and other resources have been expended in developing, advertising, licensing and otherwise promoting the Ilustrata Works. As a result, the illustrations are widely recognized and exclusively associated by consumers, the public, and the trade with Ilustrata.

8. The success of the Ilustrata Works has resulted in significant infringement of the copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Amended Schedule A attached to the Complaint (the "Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Ilustrata Works to consumers in this judicial district and throughout the United States.

9. I am aware of investigations related to internet-based infringement of the Ilustrata Works. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Ilustrata Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Ilustrata Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with Ilustrata and do not have the right or authority to use the copyrights for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as **Exhibit 2**.

10. Monetary damages alone cannot adequately compensate Ilustrata for the ongoing infringement because monetary damages fail to address the loss of control of and damage to Ilustrata's reputation, goodwill, and control over the nature of the derivative works made using its copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to

completely ascertain due to the inability to fully quantify the monetary damage caused to Ilustrata's reputation and goodwill by acts of infringement.

11. Ilustrata's goodwill and reputation are irreparably damaged when the Ilustrata Works are used on unauthorized goods. Ilustrata is further irreparably harmed by the unauthorized use of the Ilustrata copyrighted material because infringers take away Ilustrata's ability to control the nature and quality of products bearing the Ilustrata Works and derivative works.

12. Ilustrata is further irreparably damaged due to a loss of exclusivity. The copyright rights in the Ilustrata Works are meant to be exclusive rights.

13. The marketing and distribution of the Ilustrata Works and derivative works are aimed at growing and sustaining sales. When infringers use the Ilustrata Works without authorization, the exclusivity associated with the Ilustrata Works, as well as Ilustrata's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

14. Uncontrolled profiteering and pirating of the Ilustrata Works create the impression that the copyright rights associated with the Ilustrata Works may be infringed with impunity. The Ilustrata Works are distinctive and signify to consumers that the products are authorized by Ilustrata and are manufactured to Ilustrata's high quality standards. When infringers use the Ilustrata Works on goods without authorization, the exclusivity of Ilustrata's products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Ilustrata Works cannot be compensated for financially since it erodes Ilustrata's ability to monetize the Ilustrata Works.

15. Ilustrata will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2026.

David F. Silva