Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MEGAN STEIGER,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 25-cv-13190

**Judge Matthew F. Kennelly**

**PRELIMINARY INJUNCTION ORDER**

Plaintiff MEGAN STEIGER ("Steiger" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Steiger's Motion as follows.

This Court finds Steiger has provided notice to Defendants in accordance with the Temporary Restraining Order entered November 4, 2025, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Steiger has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing and infringing versions of Steiger's federally registered copyright, which is protected by U.S Copyright Registration No. VA 2-341-104 (the "Megan Steiger Work") to residents of Illinois. In this case, Steiger has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Megan Steiger Work. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Megan Steiger Work.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Steiger's previously granted Motion for Entry of a TRO establishes that Steiger has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Steiger will suffer irreparable harm if the injunction is not granted.

Specifically, Steiger has proved a *prima facie* case of copyright infringement because (1) the Megan Steiger Work is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Megan Steiger Work, and (3) Defendants' use of the Megan Steiger Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Steiger. Furthermore, Defendants' continued and unauthorized use of the Megan Steiger Work irreparably harms Steiger through diminished goodwill and brand

confidence, damage to Steiger's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Steiger has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Megan Steiger Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Steiger product or not authorized by Steiger to be sold in connection with the Megan Steiger Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Steiger product or any other product produced by Steiger, that is not Steiger's or not produced under the authorization, control, or supervision of Steiger and approved by Steiger for sale under the Megan Steiger Work;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Steiger, or are sponsored by, approved by, or otherwise connected with Steiger; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Steiger, nor authorized by Steiger to be sold or offered for sale, and which bear any of Steiger's copyrights, including

Case: 1:25-cv-11390 Document #: 22 Filed: 12/01/25 Page 4 of 7 PageID #:163

the Megan Steiger Work, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Steiger's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Steiger expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control

of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Steiger's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Megan Steiger Work.

5. Any Third Party Providers, including Amazon and Temu, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Megan Steiger, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Steiger may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "lujingxian

and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Megan Steiger [16], and the TRO [18] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Steiger shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Matthew F. Kennelly
United States District Judge

Dated: 12/1/2025

Case: 1:25-cv-15237 Document #: 25 Filed: 01/06/26 Page 1 of 7 PageID #:516

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID E. LACHAPELLE,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-15237<br><br>**Judge Matthew F. Kennelly** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff DAVID E. LACHAPELLE ("LaChapelle" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Amended Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Amended Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS LaChapelle's Motion as follows.

This Court finds LaChapelle has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 5, 2026, [24] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, LaChapelle has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing and infringing versions of LaChapelle's federally registered copyrights, which are protected by U.S Copyright Registration Nos. VA 2-164-408 and VA 2-156-953 (the "David LaChapelle Works") to residents of Illinois. In this case, LaChapelle has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the David LaChapelle Works. *See* Docket No. [20], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the David LaChapelle Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of LaChapelle's previously granted Motion for Entry of a TRO establishes that LaChapelle has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that LaChapelle will suffer irreparable harm if the injunction is not granted.

Specifically, LaChapelle has proved a *prima facie* case of copyright infringement because (1) the David LaChapelle Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the David LaChapelle Works, and (3) Defendants' use of the David LaChapelle Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with LaChapelle. Furthermore, Defendants' continued and unauthorized use of the David LaChapelle Works irreparably harms LaChapelle through diminished goodwill and brand confidence, damage to LaChapelle's reputation, loss of exclusivity, and loss of future

sales. Monetary damages fail to address such damage and, therefore, LaChapelle has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the David LaChapelle Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LaChapelle product or not authorized by LaChapelle to be sold in connection with the David LaChapelle Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine LaChapelle product or any other product produced by LaChapelle, that is not LaChapelle's or not produced under the authorization, control, or supervision of LaChapelle and approved by LaChapelle for sale under the David LaChapelle Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of LaChapelle, or are sponsored by, approved by, or otherwise connected with LaChapelle; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for LaChapelle, nor authorized by LaChapelle to be sold or offered for sale, and which bear any of LaChapelle's

copyrights, including the David LaChapelle Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon LaChapelle's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to LaChapelle expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial

institutions, including, without limitation, Amazon, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon LaChapelle's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the David LaChapelle Works.

5. Any Third Party Providers, including Amazon, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Amended Schedule A hereto, the e-mail addresses identified in Amended Exhibit 2 to the Declaration of David E. LaChapelle, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. LaChapelle may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "YinGuiYingXiaoDian and all

other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Amended Schedule A to the Complaint [18], Exhibit 2 to the Declaration of David E. LaChapelle [16], Amended Exhibit 2 to the Declaration of Davd E. LaChapelle [20], and the TRO [24] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by LaChapelle shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Matthew F. Kennelly
United States District Judge

Dated: 1/29/2026